Ana Lea VINCENT, Plaintiff–Appellant,

v.

Kenneth F. APFEL, Commissioner,[1] Social Security Administration, Defendant–Appellee.

No. 98–35782.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 1999.

Decided Sept. 14, 1999.

1. Kenneth S. Apfel, Commissioner of Social Security, is substituted for Donna Shalala, Secretary of Health and Human Services, as the appropriate Defendant–Appellee pursuant to Fed. R.App. 43(c)(1).

Daniel L. Callahan, Schendel & Callahan, Fairbanks, Alaska, for the plaintiff-appellant.

Victoria Blais, Assistant Regional Counsel, Social Security Administration, Office of General Counsel, Seattle, Washington, for the defendant-appellee.

Before: HUG, Chief Judge, TROTT and TASHIMA, Circuit Judges.

HUG, Chief Judge:

This appeal arises from an action filed in the District Court by appellant, Ana Lea Vincent, challenging the decision of the Commissioner of Social Security with regard to her widow's insurance benefits paid under Section 202(e) of the Social Security Act, as amended, 42 U.S.C. § 402(e). The Commissioner determined that under 42 U.S.C. § 402(e)(7)(A), Ana Vincent's widow's insurance benefits are properly reduced by an offset in an amount equal to two-thirds of a monthly pension benefit she receives from the State of Alaska. She challenges the application of the reduction to her widow's benefits on the basis that she qualifies for the five-year grace period provided for in the statute as an exception to the pension offset. The district judge entered judgment for the Commissioner. Our appellate jurisdiction is based on 28 U.S.C. § 1291. We conclude that the grace period applies and Ana Vincent is entitled to the exception from the pension offset provision. Therefore, the judgment of the district court is reversed.

I.

## PROCEDURAL AND FACTUAL BACKGROUND

On October 26, 1992, Ana Vincent applied for widow's benefits based on her deceased husband's social security record. She and her husband had been married for thirty-four years. Prior to his death in July, 1990, Ana Vincent's husband qualified for and received disability insurance benefits. Widow's benefits are payable at age 60 to the surviving spouse of a disabled individual. Ana Vincent reached age 60 on November 9, 1992.

The Social Security Administration ("SSA") determined that Ana Vincent was entitled to widow's benefits, but that such benefits were subject to an offset of two-thirds of the state pension she receives from the Public Employee's Retirement System ("PERS") of the State of Alaska. Ana Vincent asked for reconsideration, contending that the offset does not apply to her because she qualifies under the five-year grace period exception set forth in 20 C.F.R. § 404.408a(b).

The Administrative Law Judge ("ALJ") rejected Ana Vincent's exemption argument and applied the pension offset provision. The Appeals Council denied her request for review without addressing the substance of her claims. Pursuant to 42 U.S.C. § 405(g) she filed an action for review of this decision in the district court. Following the submission of Ana Vincent's opening brief, the parties stipulated to the remand of the case to develop the record and establish whether Ana Vincent could provide evidence that she qualified for the application of the five-year grace period.

After review of evidence presented by Ana Vincent and the regulatory history surrounding § 404.408a(b), the Appeals Council concluded that the grace period did not apply to her. The Appeals Council nevertheless remanded the case to the ALJ as directed by the stipulation order. Ana Vincent waived the rehearing, as she had no further evidence to present. The

ALJ then entered a second decision denying the grace period and applying the offset provision. Ana Vincent's appeal to the Appeals Council was denied. The decision of the Appeals Council constituted the final decision of the Commissioner.

Pursuant to 42 U.S.C. § 405(g), Ana Vincent filed this civil action in the district court challenging the application of the pension offset to her widow's benefits. Ana Vincent moved for summary judgment and the case was referred to Magistrate Judge Harry Branson. The parties agreed that there were no genuine issues of material fact. The magistrate judge then found that the Commissioner's construction of the statute was reasonable and recommended that the decision be affirmed. District Judge Holland adopted the recommendation of the magistrate judge and entered a judgment affirming the decision of the agency. This timely appeal followed.

## II.

### STATUTORY HISTORY

A brief history of the statutory sections involved is helpful to their construction. Prior to 1977, the Social Security Act provided widow's and widower's benefits based on different standards depending on gender. The widowers were required to show dependency on their spouses for one-half of their support while widows were not required to meet any dependency test. This gender-based dependency requirement was struck down by the United States Supreme Court as violative of the equal protection component of the Due Process Clause of the Fifth Amendment in *Califano v. Goldfarb*, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977). In response, Congress amended the Social Security Act to delete the dependency test. Social Security Amendments of 1977 (1977 Amendments) § 334(b)(1), (d)(1), Pub.L. 95–216, 42 U.S.C. § 402(c)(1), (f)(1). As a part of these amendments, Congress also adopted the pension offset provision at issue in this case, 1977 Amendments, 42 U.S.C.

§ 402(e)(7)(A), (2)(A). The pension offset provision was enacted as a part of the 1977 Amendments in response to an anticipated increase in the number of individuals eligible to receive spousal benefits, particularly retired federal and state employees. In order to avoid undue hardship to individuals who had relied upon spousal benefits for their retirements, Congress created a five-year grace period, which exempted from the offset provision those spouses who would become eligible to receive pension benefits before December 1, 1982. *See Heckler v. Mathews*, 465 U.S. 728, 730–734, 104 S.Ct. 1387, 79 L.Ed.2d 646 (1984) (setting forth the background of the 1977 Amendments).

In 1984, Congress passed a technical amendment to the five-year grace period, extending under certain circumstances the grace period for one month. The five-year grace period provision as amended in 1984 provided in relevant part that the offset provision shall not apply to an individual (1)(A)(i) to whom there is payable for any month within the 60–month period beginning with the month in which this Act (Dec.1977) is enacted ... or (ii) who would have been eligible for such a monthly periodic benefit (within the meaning of paragraph (2)) before the close of such 60–month period, except for a requirement which postponed eligibility (as so defined) for such monthly periodic benefit until the month following the month in which all other requirements were met; ...

(B) who at time of application for or initial entitlement to such monthly insurance benefit under such subsection (b), (c), (e), (f), or (g) meets the requirements of that subsection as it was in effect and being administered in January 1977.[2]

(2) For purposes of paragraph (1)(A), an individual is eligible for a monthly periodic benefit for any month if such benefit would be payable to such individual for that month if such individual were

2. It is undisputed that Ana Vincent met this requirement.

not employed during that month and had made proper application for such benefit.

42 U.S.C. § 402, notes, Pub.L. 95–216.

■ Thus under the plain language of section (1)(A)(i) of the statute, an individual would be qualified for application of the grace period if the state pension would be payable to the individual in November, 1982. Under section (1)(A)(ii), the individual would also be qualified even though she was not eligible in November 1982 if she *"would have been eligible"* except for a requirement which *postponed* eligibility until December 1982. Ana Vincent contends the undisputed facts show that she would have been eligible in November 1982, except for the requirement that the Alaska pension was not payable until December, 1982.

The five-year grace period was incorporated into the regulations of the Social Security Administration at 20 C.F.R. § 404.408a(b)(2) and (4) as follows:

(b) *Exceptions.* The reduction [pension offset] does not apply:

(2) If you received or are eligible to receive a Government pension for one or more months in the period December 1977 through November 1982 and you meet the requirements for Social Security benefits that were applied in January 1977, even though you don't claim benefits, and you don't actually meet the requirements for receiving benefits until a later month. The January 1977 requirements are, for a man, a one-half support test (see paragraph (c) of this section), and, for a woman claiming benefits as a divorced spouse, marriage for at least 20 years to the insured worker. You are considered eligible for a Government pension for any month in which you meet all the requirements for payment except that you are working or have not applied.

(4) If you would have been eligible for a pension in a given month except for a requirement which delayed eligibility for such pension until the month following the month in which all other require-

ments were met, we will consider you to be eligible in that given month for the purpose of meeting one of the exceptions in paragraphs (b)(2) and (3) of this section. If you meet an exception solely because of this provision, your benefits will be unreduced for months after November 1984 only.

### III.

### STATUTORY ELIGIBILITY

In the hearing before the ALJ, Ana Vincent provided an affidavit from the retirement field representative authorized to testify on behalf of the Division of Retirement and Benefits, the agency which administers PERS for the State of Alaska. The affidavit states, in pertinent part:

[E]ven though all requirements for eligibility for receipt of retirement benefits could have been met by Ms. Vincent as early as November 9, 1982, under the terms of the plan benefits based on meeting those requirements would not have begun until December, 1982. Under the plan, monthly benefits do not begin to accrue until the first of the month *after* all of the requirements for eligibility have been met, and benefits are paid at the end of the month. Thus, in Ms. Vincent's case, had she terminated employment and submitted an application for benefits by the time of her birthday, November 9, 1982, her first benefit payment would have been for December 1982.

\*     \*     \*

It would be appropriate to describe this delay in payment of benefits until the first full month after all the eligibility requirements could have been met in Ms. Vincent's case as a requirement which postponed eligibility for monthly periodic benefits until the month (December 1982) following the month (November 1982) in which all requirements for eligibility for benefits could have been met.

■ The facts are undisputed in this case; the issue is a matter of law. Ana Vincent met all the requirements for eligibility in November except for the requirement that pension benefits would not be payable until the month of December. The issue is whether this meets the requirements of 20 C.F.R. § 404.408a(b)(4). Placing Ana Vincent's factual situation in the context of that regulation it would seem to fit exactly the requirements of the regulation.

(4) If you *would have been eligible* for a pension in a given month (November) except for a requirement which *delayed eligibility* for such pension (becoming payable) until the month following the month in which all other requirements were met (December), we will consider you to be eligible in this given month (December) for the purpose of meeting one of the exceptions in paragraph(s)(b)(2) ... of this section. (emphasis added).

The argument of the Commissioner is as follows: "Ms. Vincent was not 'eligible' for benefits within the meaning of the Social Security law and regulations, until December, 1982. Because Ms. Vincent was not eligible for State pension benefits until after the statutory grace period closed, then her Social Security widow's benefits are subject to the statutory offset provision." Commissioner's Brief, page 12. This completely overlooks the specific language of the statute and the regulation which contains the words *"would have been eligible."* There is no requirement that Ana Vincent had to be eligible in all respects in the month of November, rather the requirement is that she *would have been eligible* except for a requirement which *delayed eligibility* until the following month in which all other requirements were met. All other requirements were met in December, and the only requirement that was not met in November was the requirement that the pension benefits be payable. That requirement was met in December, fully qualifying her under the plain language of the regulation and the statute.

## IV.

## SPECIAL REQUIREMENT ARGUMENT

The Commissioner makes the additional argument, which was relied upon by the Appeals Council, that the statute and the regulation are to be interpreted so that the postponed eligibility provision is limited to instances in which a "special" requirement applied to postpone eligibility. Thus, the Commissioner contends that the 1984 congressional amendment is limited to individuals who are delayed by one month due to a "special requirement." The word "special" as a modifier to the word "requirement" is not contained in either the statute or the regulation. The Appeals Council and the Commissioner in this appeal rely upon the "supplementary information" published in the Federal Register with the final rule publication of 20 C.F.R. § 404.408a(b)(4), 51 Fed. Register 23051, June 25, 1986.[3] The contention is that the

---

3. The portion of the "Supplementary Information" relied upon by the Commissioner is as follows:

Under section 2(b) of Pub.L. 98–617, we will consider a person to be eligible for a pension within the appropriate period if the person was otherwise eligible for the pension except for a special requirement which delayed eligibility by one month. For example, Federal employees whose eligibility for a pension was delayed by legislation one month to December 1982 or July 1983 will be considered to be eligible for the pension in November 1982 or June 1983. Thus, those employees can meet an exception to reduction if they also meet the other requirements of the exception. This provision protects against reduction of Social Security for months after November 1984.

It is noteworthy that even this supplementary information does not limit the plain language of the regulation. It does not state: "We will *only* consider a person to be eligible ..." Thus, even though the persons named in this Supplementary Information "can meet an exception to the reduction" it does not provide that others cannot meet the requirements of the exception.

requirement pertaining to Ana Vincent was not "special."

■ An agency's construction of its own regulation is entitled to substantial deference, unless it is plainly erroneous or inconsistent with the regulation. *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945). We conclude that the Commissioner's interpretation is inconsistent with the plain language of 20 C.F.R. § 404.408a(b)(4) as the section unambiguously grants eligibility to individuals that have met all eligibility requirements for pension payment, except for a requirement which delayed payment for one month. This provision is directly applicable to Ana Vincent as she met all eligibility criteria on November 9, 1982, except for a one month delay in payment mandated by the Alaska PERS system. We find it significant that 20 C.F.R. § 404.408a(b)(4) uses the word "requirement" and not "special requirement." There is no justification for adding limiting language to a clear and unambiguous statute and regulation.

Ana Vincent also contends that the Commissioner's interpretation misconstrues the 1984 Congressional statutory amendment. We agree. The Supreme Court stated in *Chevron U.S.A. v. Natural Res. Def. Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984):

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.... [Second,] if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

We conclude that the 1984 statutory amendment unambiguously provides an exception for applicants that would have been eligible, except for a "requirement" which postponed eligibility. The Commissioner's addition of limiting language finds no justification in the plain language of the statute or the regulation.

## V.

### CONCLUSION

Ana Vincent qualifies for the five-year grace period exception, having fully met the requirements of the 1984 technical amendment statute and 20 C.F.R. § 404.408a(b) for the one-month delay in eligibility. The judgment of the district court is reversed and the case is remanded with instructions to remand the matter to the Commissioner with directions to pay Ana Vincent her full widow's benefits, without pension offset, including all back widow's benefits to which she was entitled without the application of the offset.

REVERSED and REMANDED.